UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RHODA STAHMANN,

                Plaintiff,

      v.                                                  Case No. 23-cv-1685-bhl

BARBARA PIERCE,

                Defendant.

## SCREENING ORDER

        On December 15, 2023, plaintiff Rhoda Stahmann, proceeding *pro se*, filed a complaint against Barbara Pierce for violations federal law.[1] (ECF No. 1.) That same day, she also filed a motion for leave to proceed without prepayment of the filing fee, or *in forma pauperis* (IFP). (ECF No. 2.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *C.f.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

        Stahmann reports that she is unemployed and has no monthly income. (ECF No. 2 at 1-2.) She is married and her spouse is employed, but she indicates "N/A" for her spouse's monthly income. (*Id.*) She also reports having three minor children and paying $438 monthly for alimony or court-ordered child support. (*Id.* at 2.) Her other monthly expenses include $250 for groceries and $125 for her phone, with additional unspecified expenses, for a total of $813 per month. (*Id.*) Stahmann also owns a 2007 Chevy worth nothing and has $6.38 in a bank account. (*Id.* at 3.) At the end of her IFP motion, Stahmann emphasizes her childcare obligations and lack of income. (*Id.* at 4.)

---

[1] The Court recently dismissed, with prejudice, another complaint Stahmann filed. (*See* Case No. 23-cv-1192-bhl.)

This is the fourth IFP motion Stahmann has filed in this Court in the last few months. She filed two IFP motions in an earlier case, Case No. 23-cv-1192, and another IFP in a case she initiated on December 26, 2023, Case No. 23-cv-1724. Stahmann reports different income, expenses, and assets in each of these motions. This is problematic, particularly because she signed all of the motions under penalty of perjury. If Stahmann has intentionally misrepresented her financial situation, she would be subject to a potential criminal prosecution for perjury and the Court would have no choice but to dismiss her suit. *Thomas v. Gen. Motors Acceptance Corp.*, 288 F.3d 305, 306 (7th Cir. 2002) (citing 28 U.S.C. § 1915(e)(2)(A)). The Court will not assume, without further evidence, that she is being intentionally dishonest. Instead, the Court will assume that Stahmann's economic situation changed between her filings. Based on this assumption, the Court finds Stahmann sufficiently indigent for purposes of pre-paying the filing fee. Because Stahmann's complaint fails to state a claim, the Court will nevertheless dismiss it, as discussed below, and deny her IFP motion as moot.

## SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). The allegations must be sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Id*. at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

### ALLEGATIONS OF THE COMPLAINT

Stahmann's complaint, while significantly shorter than her previous filings with this Court, is still somewhat difficult to follow. Stahmann alleges that on September 11, 2023, Barbara Pierce maliciously prosecuted her in violation of her Fourteenth Amendment rights. (ECF No. 1 at 3.) According to Stahmann, Pierce "under malice" allowed a Fond du Lac County Sheriff's detective, Eric Muellenbach, to refer charges against her for "reckless falsity." (*Id.*) She claims Pierce then knowingly used false evidence to convict her. (*Id.*) Stahmann maintains that this behavior is a violation of her constitutional rights because Pierce abused her authority under color of law. (*Id.* at 3–4.) As a result of Pierce's actions, Stahmann claims her reputation is ruined, she is under emotional and physical stress, and that she lost her job. (*Id.* at 4.) She further claims that she was wrongfully incarcerated due to the malicious prosecution before she was ultimately found not guilty by "a jury and judge." (*Id.*) Interspersed in these allegations are references to various legal principles such as "misconduct," "negligence only to benefit the official," "probable cause," "false evidence," "rico establish liability," "procedural or substantive due process rights," "abuse of authority," and "equal protection." (*See* ECF No. 1 at 3–5.) Stahmann requests $2.5 million in relief. (*Id.* at 5.)

### ANALYSIS

The claims in Stahmann's latest complaint are barred by the doctrine of res judicata, also known as claim preclusion. Her new complaint is based on the same set of facts as her previous case, No. 23-cv-1192-bhl. In that prior case, Stahmann claimed that several prosecutors, including Barbara Pierce, maliciously prosecuted her using Detective Muellenbach's reports. *See Stahmann v. Menezl*, Case No. 23-cv-1192-bhl, 2023 WL 7219884, at *2–3 (E.D. Wis. Nov. 2, 2023). She also alleged that a jury acquitted her on these charges on September 11, 2023. *Id.* at *3. And, she sought the same $2.5 million in damages. *Id.*

After screening her initial complaint and giving Stahmann a chance to file an amended pleading, the Court dismissed her prior case *with prejudice* based on her failure to state a claim upon which relief can be granted. *Id.* at *4. A dismissal with prejudice means a party cannot

relitigate that claim. *See Frederiksen v. City of Lockport*, 384 F.3d 437, 438 (7th Cir. 2004). This doctrine is also known as claim preclusion, which "is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009). "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants[.]" *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)).

Stahmann's new complaint satisfies all three of these criteria for claim preclusion. Both complaints arise from the same operative facts, the prior lawsuit was dismissed with prejudice, and the current defendant, Pierce, was similarly named as a defendant in the earlier case. While Stahmann offers a shorter complaint this time, the allegations supporting her claims arise from the same set of facts. Because the Court has already dismissed Stahmann's effort to sue over these operative facts with prejudice, it must dismiss her latest attempt as well.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Stahmann's motion for leave to proceed IFP, ECF No. 2, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Stahmann's complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on December 28, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge